IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS SCRUGGS, #504118 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:13-00278 |
| | ) JUDGE CAMPBELL/KNOWLES |
| MICHAEL BRYSON, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se prisoner Plaintiff's "Notice of Amended Complaint Plaintiff Seeks the Leave of Court to Amend His Pleading" (Docket No. 34), which the Court will treat as a Motion for Leave to Amend. Plaintiff has filed a proposed Amended Complaint. Docket No. 34-1. Defendant has filed a Response in opposition to the Motion. Docket No. 41. The following background information will be helpful to an understanding of the issues raised in the instant Motion.

Plaintiff made the following allegations in his initial Complaint:

> On or around September or October of 2012, I was in Guild #5 at Charles Bass Correctional Complex. I was doing my job as a Rockman (Industrial Cleaner[)]. Mr. Bryson, the first shift officer, told several inmates that I was snitching on them, and two of the inmates pulled me into my cell to beat me up. I defended myself verbally and no assault took place, but I was terrified. I filed a grievance on Mr. Bryson and as a result of that grievance he was moved to another guild. Unfortunately, this was only temporary and [M]r. Bryson was soon moved back to Guild #5. By that time I had been given another job and I wasn't around Mr. Bryson or the guild during the day. The trouble with Mr. Bryson started again when another inmate once again came to me and told me that

> Mr. Bryson was telling inmates that I was snitching on them. I spoke with Cpl. Hall and Sgt. Barbee about this situation and Mr. Bryson cooled out for a while. I was soon given a job at the state capital and rarely had any dealings with Mr. Bryson. Do [sic] to Mr. Bryson's actions and the intimidation I received from the other inmates, I would stay in my cell when at the guild. I was scared most of the time and stayed stressed out. On March 4, 2013, I spoke with Mr. Bryson about a problem I was having with another inmate and he told me that he couldn't help me because no one would listen to him. He said I needed to write a letter to Unit Manager Mike Johnson, which I did. I did not sign the letter as Mr. Bryson told me not to, that way no one would know that I had done it. On March 14, 2013, around 7 a.m. an inmate told me that Mr. Bryson told him and other inmates that I was the one who wrote the letter. I immediately asked Mr. Bryson for a grievance form and he stated, "What for? Are you going to try to have me moved again?" He gave it to me, and I started filling it out and placed it in the grievance box as soon as I came in from work. This was about 5:30 p.m. At about 8:30 p.m. I was served with a write-up for threatening an employee. I believe this is in retaliation for filing the grievance. . . .

Docket No. 1, p. 4-5.

On March 28, 2013, Judge Campbell entered an Order that dismissed Plaintiff's claims against Warden Qualls and the Tennessee Department of Correction for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2). With regard to Plaintiff's claims against Defendant Bryson, Judge Campbell's Order stated:

> The plaintiff claims that Michael Bryson, a guard at the Charles Bass Correctional Complex, repeatedly harassed him by telling other inmates that he was a "snitch." When the plaintiff filed a grievance against Bryson, he received a disciplinary report charging him with threatening an employee. The plaintiff believes that he received a disciplinary report in retaliation for the filing of the grievance.

Docket No. 6, p. 2.

Thereafter, Plaintiff filed two Amended Complaints in this action. Docket Nos. 10, 13.

2

In the first, Plaintiff explicitly stated, "This amended petition is not to replace the petitioner's original complaint, but to provide additional information." *Id*. Plaintiff's first Amended Complaint levied no new allegations against Defendant. Docket No. 10. Plaintiff simply reiterated the allegations of his original Complaint. *Id.* Plaintiff's second Amended Complaint was a letter from a fellow inmate. Docket No. 13.

On June 13, 2013, Defendant Bryson filed a Motion to Dismiss (Docket No. 19) and a supporting Memorandum (Docket No. 20). Defendant argued that Plaintiff had failed to state a claim upon which relief could be granted. Insofar as is relevant here, the Motion to Dismiss argued that Plaintiff had not alleged any physical injury and, therefore, he could not recover damages under 42 U.S.C. § 1997e(e). Plaintiff filed a Response to the Motion to Dismiss. Docket No. 23. With regard to his possible Eighth Amendment claim, Plaintiff argued:

> United States Constitution and state laws protect prisoners from certain acts of violence and harassment, including attacks, rapes and other forms of assault. The eight amendment guarantees the right against cruel and unusual punishment. The fact that Officer Bryson in the current situation violated plaintiff civil rights against cruel and unusual punishment, by telling other inmates the plaintiff was a snitch, therefore placing the plaintiff within harms way of other inmates. This is clearly deliberate indifference to the plaintiff physical well being. Therefore, under 1983 claim, with the defendant being in violation of plaintiff eighth amendment rights, he has stated a cognizable claim under U.S.C. 1983.

Docket No. 23-2.

On July 19, 2013, the undersigned submitted a Report and Recommendation with regard to the Motion to Dismiss. Docket No. 25. The undersigned addressed Plaintiff's Eighth Amendment claims as follows:

> Plaintiff avers that Defendants placed him in a dangerous situation by having him labeled a "snitch," which, according to Plaintiff,

3

constitutes cruel and unusual punishment in violation of the Eighth Amendment. Labeling Plaintiff a "snitch," however, simply does not rise to the level of a constitutional violation (*See, e.g. Dyer v. Hardwick*, 2011 WL 4036681 E.D. Mich.), and Plaintiff has failed to allege or demonstrate that he has suffered any physical injury, as required by the Prison Litigation Reform Act. . . . With regard to any alleged injury beyond *receiving* a disciplinary write-up, Plaintiff states:

> [T]wo of the inmates pulled me into my cell to beat me up. I defended myself verbally and no assault took place, but I was terrified . . . . Do [*sic*] to Mr. Bryson's actions and the intimidation I received from the other inmates, I would stay in my cell when at the guild. I was scared most of the time and stayed stressed out.
>
> Docket No. 1.

As can be seen, Plaintiff acknowledges that no assault took place. *Id*. Although Plaintiff alleges that he was "terrified," "scared most of the time," and "stayed stressed out," fear and stress alone, are insufficient for recovery in Eighth Amendment claims under 42 U.S.C. § 1997e(e).

. . .

Because Plaintiff has neither alleged nor demonstrated that he suffered any physical injury as a result of Defendant's actions, Plaintiff has failed to state a viable Eighth Amendment claim.

Docket No. 25, p. 7-8.

On August 5, 2013, while the referenced Report and Recommendation was pending before Judge Campbell, Plaintiff filed the instant Motion to Amend and his proposed (Third) Amended Complaint. Docket No. 34. That same day, he filed an Objection to the referenced Report and Recommendation. In his Objection, Plaintiff argued that his proposed Third Amended Complaint "sets forth several specific instances of threats, physical assaults, and extortion." Plaintiff argued that he was afraid to tell anyone that he was being threatened,

4

beaten, and extorted by other prisoners, because he was very afraid that it would "get back to the" alleged gang members who had allegedly threatened and/or assaulted Plaintiff. With regard to the alleged lack of physical injuries, Plaintiff stated: "In his third Amended Complaint . . . plaintiff sets forth several specific instances of treats, physical assaults and extortion that are clearly violations of his constitutional rights under the Eighth Amendment." Plaintiff referred to the proposed Third Amended Complaint as providing "newly submitted evidence." Docket No. 35, p. 3.

Also on August 5, 2013, Plaintiff filed the Affidavit of Sherwin Short, who described himself as "a prisoner of the State of Tennessee with many years of incarceration." Docket No. 37-1, p. 1. That Affidavit, however, mentions nothing about assaults or physical injuries to Plaintiff. In fact, that Affidavit states in part, "On the basis of my observations and personal knowledge, I concluded to a reasonable degree of certainty, that Mr. Scruggs is lucky he never got hurt." *Id*., p. 3.

On August 12, 2013, Judge Campbell entered an Order overruling the Objections of Plaintiff and adopting and approving the Report and Recommendation. Judge Campbell stated in part, "The Court agrees that Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Bryson." Docket No. 42, p. 1. Judge Campbell, therefore, dismissed Plaintiff's Eighth Amendment claims. *Id*., p. 2.

Plaintiff's proposed Amended Complaint raises substantially the same claims against Defendant as Plaintiff has previously alleged. The major difference is that Plaintiff now seeks to supply "newly submitted evidence" of physical injuries sustained at the hands of alleged gang members.

5

As discussed above, however, Plaintiff raised these claims in his Objections to the undersigned's Report and Recommendation. Judge Campbell considered Plaintiff's Objections but determined that Plaintiff had failed to state a cognizable Eighth Amendment claim against Defendant.

Because Judge Campbell has already considered Plaintiff's allegations that are part of Plaintiff's Third Amended Complaint, and because Judge Campbell has rejected those allegations as failing to state a cognizable Eighth Amendment claim, Plaintiff's Third Amended Complaint would be futile. A Court may reject a Motion to Amend a Complaint if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). That is clearly the situation in the case at bar.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (Docket No. 34) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

6

_____
E. Clifton Knowles
United States Magistrate Judge

7