IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DENNIS SCRUGGS, # 504118,                )
                                         )
                                         )
        Plaintiff,                       )
                                         )
                                         )         CASE NO. 3:13-cv-00278
v.                                       )         JUDGE CAMPBELL
                                         )         JUDGE KNOWLES
                                         )
MICHAEL BRYSON,                          )
                                         )
        Defendant.                       )

**REPORT AND RECOMMENDATION**

**I. Introduction and Background**

This matter is before the Court upon a Motion for Summary Judgment, filed by Defendant Michael Bryson, the only remaining Defendant in this action.[1] Docket No. 43. In support of his Motion, Defendant has filed an accompanying Memorandum of Law and a Statement of Undisputed Material Facts. Docket Nos. 44, 45.

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Material Facts, nor has he filed his own Statement of Undisputed Material Facts.

Plaintiff, an inmate of the Tennessee Department of Correction (TDOC) who was housed at Charles Bass Correctional Complex (CBCX) at all times relevant to the case at bar, but who has since been transferred to Northwest Correctional Complex (NCC), filed this action, *pro se*, in

---

[1] Plaintiff initially also sued Warden Qualls and TDOC, but those claims were dismissed in Judge Campbell's March 28, 2013 Order. Docket No. 6.

1

*forma pauperis*, pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his First and Eighth Amendment rights. Docket No. 1.[2] Plaintiff essentially avers that Defendant placed him in danger by telling other inmates that he was a "snitch"; that Plaintiff submitted a grievance against Defendant; and that soon thereafter, Defendant received a disciplinary write-up for threatening an employee. *Id.* Plaintiff contends that he received the disciplinary write-up in retaliation for filing a grievance against Defendant. *Id.* Plaintiff seeks the termination of Defendant and compensatory damages in the amount of $300,000. Docket No. 1 at 5.

Defendant filed the instant Motion, accompanying Memorandum of Law, and Statement of Undisputed Material Facts on August 12, 2013. Docket Nos. 43-45. Defendant argues that, pursuant to *Heck v. Humphrey* and *Edwards v. Balisok*, Plaintiff fails to state a cognizable §1983 claim, such that Plaintiff cannot prevail and this action should be dismissed. *Id.*

For the reasons discussed below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts

Plaintiff avers that Defendant repeatedly harassed him by telling other inmates that he was a "snitch." Docket No. 6, Judge Campbell's Order dated March 28, 2013, p. 2. After filing a grievance against Defendant, Plaintiff received a disciplinary report charging him with threatening and employee. *Id.* Plaintiff asserts that he received the disciplinary report in retaliation for filing the grievance against Defendant. *Id.*

---

[2] Judge Campbell dismissed Plaintiff's Eighth Amendment claims in an Order entered on August 12, 2013. Docket No. 42. Accordingly, only Plaintiff's First Amendment claims remain.

Plaintiff pled guilty to the disciplinary offense of attempting to intimidate and threaten an employee, and did not appeal. Docket No. 32, Affidavit of Dennis Scruggs, ¶ 65. Plaintiff was accordingly convicted of the disciplinary offense. *Id.*

## III. Analysis

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on August 12, 2013. Docket No. 43. Plaintiff has failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts.

Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met his burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential

4

element of the opposing party's claim.  *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.  When this occurs, the moving party is entitled to summary judgment as a matter of law.  *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  42 U.S.C. § 1983**

Plaintiff alleges violations of his First Amendment rights pursuant to 42 U.S.C. § 1983.  *See* Docket No. 1.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

5

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).

### D.  The Case at Bar

It is undisputed that Plaintiff pled guilty to the disciplinary offense of attempting to intimidate and threaten an employee, and did not appeal. Docket No. 32, Affidavit of Dennis Scruggs, ¶ 65. It is also undisputed that Plaintiff was therefore convicted of the disciplinary offense. *Id.*

With regard to § 1983 liability in this context, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district

> court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has
> already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994).

As noted, Plaintiff pled guilty, did not appeal, and was therefore convicted of his disciplinary offense. Because Plaintiff's conviction stands, he cannot "demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

As has been discussed, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-487.

Plaintiff's disciplinary conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," and a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Accordingly, Plaintiff's claims are not cognizable under § 1983, and Defendant's Motion for Summary Judgment should be granted.

7

## IV.  Conclusion

For the foregoing reasons, the undersigned finds that there are no genuine issues as to any material fact and that Defendant is entitled to a judgment as a matter of law.  Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge