IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DENNIS SCRUGGS, # 504118,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **CASE NO. 3:13-cv-00278** |
| v. ) | **JUDGE CAMPBELL** |
| ) | **JUDGE KNOWLES** |
| ) | |
| **MICHAEL BRYSON,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

**I.  Introduction and Background**

This matter is before the Court upon Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction." Docket No. 31. Plaintiff seeks to enjoin Defendant from "communicating or having any physical contact with any prisoners in the prison system operated by the Tennessee Department of Correction during the pendency of this litigation." *Id.* In support of his Motion, Plaintiff has filed his Affidavit. Docket No. 32.

Defendant has filed a Response in Opposition to Plaintiff's Motion, arguing that, Plaintiff's Motion should be denied because Plaintiff is no longer incarcerated at Charles Bass Correctional Complex; and accordingly, his claim for injunctive and declaratory relief is moot. Docket No. 40.

Plaintiff was an inmate of the Tennessee Department of Correction (TDOC) who was housed at Charles Bass Correctional Complex (CBCX) at all times relevant to the case at bar, but

1

who has since been "permanently transferred" to Northwest Correctional Complex (NWCX). *See* Docket Nos. 1, 24, 31. Defendant is employed at CBCX, and Plaintiff's claims arose out of his interactions with Defendant at that institution. *See* Docket No. 1. Despite his transfer to another facility, Plaintiff seeks this injunction "because of the prevalence of cellular telephones among the general population of prisoners scattered through-out the state's prison system, [i]t is very easy for the prisoners identified within the pleadings of this cause of action to communicate with one another and carry out or even order violent acts to be inflicted upon plaintiff." Docket No. 31.

When deciding whether to grant a preliminary injunction, Courts consider the following factors: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *See, e.g., Parker v. U.S. Dep't. Of Agriculture*, 879 F.2d 1362, 1367 (6th Cir. 1989).

Applying these factors to the case at bar, Plaintiff cannot demonstrate "a strong or substantial likelihood or probability of success on the merits" because Judge Campbell has dismissed Plaintiff's Eighth Amendment claims in an Order entered August 12, 2013, and the undersigned has issued a Report and Recommendation recommending the granting of Defendant's Motion for Summary Judgment, thereby dismissing Plaintiff's First Amendment claims. Docket Nos. 43, 51. If Judge Campbell adopts the undersigned's Report and Recommendation recommending the granting of Defendant's Motion for Summary Judgment, this action will be dismissed in its entirety, and the instant Motion will be moot.

Moreover, as has been noted, Plaintiff has been "permanently transferred" to NWCX, and is no longer housed at CBCX. An inmate's claim for injunctive and declaratory relief becomes moot upon the inmate no longer being incarcerated in the prison where the injunctive relief is sought. *Dellis v. CCA*, 257 F.3d 508 (6th Cir. 2001).

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction" should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge